```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------x
WILLIAM STEVENSON,
                                 :
            Plaintiff,               REPORT & RECOMMENDATION
                                 :
      -against-                      05 Civ. 3656 (JSR)(MHD)
                                 :
LORRAINE PAGAN, PAROLE OFFICER
WALKER and PAROLE OFFICER        :
FISHER,
                                 :
            Defendants.
---------------------------------x
```

TO THE HONORABLE JED S. RAKOFF, U.S.D.J.:

Pro se plaintiff William Stevenson is currently incarcerated in the New York State prison system. He asserts a claim for violation of his constitutional rights against three New York State parole personnel for imposing excessively harsh conditions of parole on him. Although not explicitly explained in the complaint, we infer that he is complaining that these unduly strict conditions led to the revocation of his parole.[1] For relief, he seeks compensatory and punitive damages.

Defendants have moved to dismiss the complaint on a variety of grounds. First, they argue that plaintiff's claim is barred by the

---

[1] Plaintiff's papers, including the complaint, are silent as to the procedural context in which he asserts his claim; indeed he does not even mention the revocation of his parole. Defendants, however, have proffered the documentation that fleshes out the factual bases for his apparent legal contentions.

1

Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994), since plaintiff has not been successful in challenging his parole revocation or the parole conditions that he now attacks. Second, they invoke collateral estoppel, based on the state courts' trial-level rejection of Stevenson's challenge to the parole revocation. Third, defendants invoke Younger abstention based on the pendency of plaintiff's state-court challenge to the Parole Division's decisions that he also targets here. Finally, defendants claim to be protected by qualified immunity.

Although labeled as a motion to dismiss under Rules 12(b)(1) and (6), defendants have also notified plaintiff that the court may convert the motion to one for summary judgment. They accordingly have also provided him the notice required by S.D.N.Y. Civil Rule 56.2.[2]

For reasons to be discussed, we recommend that defendants' motion be granted.

---

[2] It bears mention, however, that the use of affidavits in support of a Rule 12(b)(1) motion does not convert the motion into one for summary judgment. See, e.g., Alliance for Environmental Renewal, Inc. v. Pyramid Crossgates Co., 436 F.3d 82, 88 n.8 (2d Cir. 2006)(citing Kamen v. AT&T Co., 791 F.2d 1006, 1010-11 (2d Cir. 1986).

THE PERTINENT RECORD

Since defendants have moved for dismissal in part under Rule 12(b)(1), they have proffered an attorney's declaration and documentation pertaining to the procedural history leading to the revocation of plaintiff's parole and his challenge to that decision in state court. See generally Arbaugh v. Y & H Corp., 126 S. Ct. 1235, 1244 (2006) (court can receive evidence on Rule 12(b)(1) motions); Alliance for Environmental Renewal, Inc., 436 F.3d at 88 (summarizing procedures available to court on Rule 12(b)(1) motion). In any event, we can take judicial notice of most, if not all, of that history. We briefly summarize the pertinent facts, most of which are found in the decision of the State Supreme Court justice who denied plaintiff's habeas petition following the parole revocation.

Plaintiff was convicted in New York State Supreme Court on November 13, 1987 on separate counts of Attempted Murder in the Second Degree and Assault in the First Degree. The convictions stemmed from his stabbing his wife twenty-seven times and throwing his young daughter out of a third floor window. He was sentenced to consecutive terms of eight and one-quarter to twenty-five years and five to fifteen years. (Declaration of Ass't Attorney General Kevin P. McCaffrey, executed July 7, 2005, Ex. A -- People ex rel.

Stevenson v. 241-03-06758, Warden of the Penitentiary, Index No. 1546-03, Decision/Order at 1 (Sup. Ct. Bx. Cty. Nov. 18, 2003)).

Plaintiff was conditionally released to parole on April 2, 2003. (Id. at 1-2). The parole conditions required that plaintiff obtain employment or pursue an academic or vocational program, and that he submit to substance abuse (including alcohol abuse) testing and treatment as directed by his parole officer. (Id. at 2; McCaffrey Decl., Ex. I).

One week after plaintiff's release, his former wife contacted Victim's Services in the Bronx and advised that she had been receiving a series of hang-up telephone calls since shortly after plaintiff's release from prison. This report triggered the issuance of an arrest warrant for plaintiff. Parole Officer Lorraine Pagan –- who was plaintiff's newly assigned parole officer –- executed the warrant and brought plaintiff before the Bronx Family Court. The presiding judge then directed the Parole Division to exercise intense supervision over Stevenson. (McCaffrey Decl., Ex. A at 2).

In the wake of that directive, the Division issued additional special conditions of parole, which plaintiff signed. These included requirements that he remain in his residence between 5 p.m. and 8 a.m. from Monday through Friday, that he not go to the

Bronx without the permission of his parole officer (except to report to the parole officer once a week), and that he not leave his apartment building on Saturday and Sunday without his parole officer's permission. (Id. at 3; McCaffrey Decl., Ex. C).

On Saturday, April 19, 2003, Officer Pagan visited plaintiff's house and discovered that he was not there. When he returned, she reminded him of the requirement that he remain at the building on weekends. The next day he left her a phone message that he was leaving his home, and by the time she called back, he was gone. (McCaffrey Decl., Ex. A at 3-4).

These violations led to the issuance of parole violation charges for plaintiff's absences from his residence on April 19 and 20. (McCaffrey Decl., Ex. D). Plaintiff was arrested on April 23, 2003 and served with a Notice of Violation. (McCaffrey Decl., Ex. A at 4). Stevenson pled not guilty to the charges, but after a preliminary hearing on May 2, 2003 the presiding administrative law judge found probable cause to believe that plaintiff had violated the cited parole condition on April 20, thus justifying his arrest and re-commitment. (Id.; McCaffrey Decl., Ex. G).

The ALJ conducted a final violation hearing on July 18, 2003. At its conclusion the judge found that plaintiff had violated his

5

parole by virtue of his absence from his residence on April 20, and recommended a time assessment of 24 months. (McCaffrey Decl., Ex. H). On review, the Parole Division upheld the conviction but extended the time assessment to 36 months. (Id.). Plaintiff filed an administrative appeal from this decision, but the appeal was denied and the time assessment upheld. (McCaffrey Decl., Ex. J).

On June 25, 2003, while plaintiff's administrative proceeding was still pending, he filed a habeas petition in New York State Supreme Court. (McCaffrey Decl., Ex. A at 4). He contended that the special conditions of parole imposed on him were arbitrary and capricious and that the Division of Parole had violated its own internal guidelines in imposing them. (Id. at 4-5). On November 18, 2003 the court denied his petition. In doing so it observed that the Division of Parole could take the circumstances of the parolee's crime into consideration when deciding whether to impose special conditions of parole and, if so, what they should be. (Id. at 5). The court further stated that such conditions were not reviewable "if done in accordance with law" (id. at 5-6), that is, absent "a 'showing of irrationality bordering on impropriety'". (Id. at 6)(quoting Matter of Simon, 95 N.Y.2d 470, 476, 718 N.Y.S.2d 704, 707 (2000). The court noted that, by freely signing the parole conditions without objection, Stevenson had waived any objection to them. (Id. at 7-8). It further concluded that,

"[b]ased on [Stevenson's] blatant disregard toward his parole conditions, the Division was well within its discretion in revoking his parole and the hearing officer was correct in upholding the second charge." (Id. at 8).

Plaintiff appealed that decision to the Appellate Division, arguing that the weekend restriction to his residence was arbitrary and capricious. The appellate court affirmed, holding that the revocation of parole had been proper. Stevenson v. Warden, 24 A.D.3d 122, 806 N.Y.S.2d 185 (1st Dep't 2005). In doing so, the Court noted that there was no entitlement to parole under either the federal or the state constitutions. Id. at 123, 806 N.Y.S.2d at 185-86. The court further held that the Parole Division had broad discretion to impose parole conditions and that the exercise of that discretion was unreviewable unless the decision violated a specific statutory command. Id.

Addressing the specific parole conditions at issue, the Appellate Division held that they were "rationally related to the crime for which" plaintiff had been convicted, and that they were plainly designed to alleviate any risk to the public, including particularly the plaintiff's former wife and child. The panel concluded that since the special conditions did not violate any constitutional or statutory prohibition, and the revocation

constituted a lawful exercise of Parole Division discretion, no relief could be granted. Id. at 123, 806 N.Y.S.2d at 186.

ANALYSIS

Defendants first argue that the Supreme Court's decision in Heck precludes liability in this case. In substance, defendants contend that the revocation of parole is akin to a criminal conviction, in that it triggers incarceration, and that accordingly a civil challenge to revocation under section 1983 is subject to the same requirement as an equivalent suit that calls into question the validity of a criminal conviction -- that is, the plaintiff must demonstrate that he has succeeded in overturning the revocation before he may pursue a civil action for damages.

Defendants are correct. In Heck v. Humphrey, 512 U.S. 477 (1994), the Court held that a convicted defendant cannot pursue damages or other civil remedies under section 1983 if the claim necessarily implies the invalidity of the conviction, unless the conviction has already been vacated. Id. at 481-87. That principle has since been extended to claims that target the plaintiff's length of confinement. See Edwards v. Balistok, 520 U.S. 641, 646 (1997)(applying Heck, 512 U.S. at 487 n. 6).

8

The question for present purposes is whether the concept of "confinement" in this context refers to physical confinement in a prison, as distinct from release on parole. It appears that the principle embodied in Heck does address this distinction. Otherwise stated, a complaint that seeks civil remedies for the revocation of parole and that is premised on a claim that necessarily implies the invalidity of the revocation cannot proceed unless the plaintiff has directly and successfully challenged the revocation itself. See, e.g., Farrell v. Burke, 2004 WL 2813175, at *4 (S.D.N.Y. Dec. 8, 2004)(citing cases).

This conclusion follows from the rationale for Balisok and the manner in which the Supreme Court has subsequently characterized it. Since as early as the decision in Preiser, the Supreme Court has refused to allow prisoners to use section 1983 lawsuits as a means to avoid the requirements of the habeas statute while challenging not only convictions, but the length of their stay in prison. See Preiser, 411 U.S. at 487 (challenging prison disciplinary proceedings that led to loss of good-time credits). See also Wolff v. McDonnell, 418 U.S. 539, 555 (1974)(prisoner may not use section 1983 to obtain restoration of good-time credits). As Justice Scalia recently noted, "in Preiser we held the prisoners' § 1983 action barred because the relief it sought -- restoration of good-time credits, which would shorten the

prisoners' incarceration and hasten the date on which they would be transferred to supervised release -- was available in habeas." Wilkinson v. Dotson, 125 S.Ct. 1242, 1250 (2005)(Scalia, J., concurring).

Subsequent to Preiser and Wolff, the decision in Heck acknowledged the possibility of a prisoner using section 1983 to obtain civil redress for wrongful detentions, but only if the plaintiff has already had the challenged detention decision set aside in proceedings under either state law or the federal habeas statute. Balisok followed that lead by applying the same principle to challenges to the denial of good-time credits.

The applicability of this approach to parole denial or revocation has been at least implicitly recognized by the Supreme Court in more recent decisions. Thus, in Spencer v. Kemna, 523 U.S. 1 (1998), a habeas petitioner challenged the procedures utilized in parole revocation proceedings to which he had been subjected. The lower courts held that the post-filing expiration of his sentence had mooted the petition, as he was no longer in custody. On review, the Supreme Court held that the habeas petition had been mooted, although not because petitioner failed to satisfy the "in custody" requirement, but rather because his parole revocation was "now

10

over, and cannot be undone." Id. at 8.[3]

In resisting this conclusion, the petitioner argued, among other things, that Heck would preclude his seeking civil damages unless he could demonstrate the invalidity of his parole revocation in the habeas proceeding, and that this difficulty demonstrated sufficient collateral consequences to preclude mootness. In rejecting this contention, the Court at least assumed that Heck does apply in the parole context. Thus, apart from noting that there was no requirement that a section 1983 remedy "must always and everywhere be available," it went on to observe that Heck would not apply to bar a civil suit "if, for example, petitioner were to seek damages 'for using the wrong procedures, not for reaching the wrong result,' and if that procedural defect did not 'necessarily imply the invalidity of' the revocation . . . ." Id. at 17 (quoting Heck, 512 U.S. at 482-83, 487). The seeming negative implication of this observation is that a civil challenge to the validity of the parole revocation would be barred by Heck.

To similar effect is the Supreme Court's more recent discussion in Wilkinson v. Dotson, 125 S.Ct. 1242 (2005). In that

---

[3] The Court further noted that the revocation of parole could not be presumed to carry the collateral consequences of the original conviction, and that accordingly mootness could not be avoided on such a basis. Id. at 8-9.

11

case two plaintiffs sued under section 1983, challenging the constitutional validity of various Ohio state parole procedures and seeking declaratory and injunctive relief. In that case too, the Court treated as a given the notion that denial of parole release would trigger the application of Heck if the prisoner sought, in effect, to challenge that decision by a section 1983 suit.

The Court first surveyed the series of decisions from Preiser to Balisok and summarized their impact as "indicat[ing] that a state prisoner's § 1983 action is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson, 125 S.Ct. at 1248 (italics in original).

Applying this approach in the parole context, the Court held that the plaintiffs' claims could proceed notwithstanding Heck, but only because their claims did not necessarily imply the invalidity of a denial of parole. As the Court summarized the matter, the plaintiffs sought only to invalidate the procedures utilized to deny them parole and did not seek "an injunction ordering [their] immediate or speedier release into the community." Id. at 1248.

Since "neither prisoner's claim would necessarily spell speedier release, neither lies at 'the core of habeas corpus'". Id.

In resisting this analysis, the State argued that, under <u>Heck</u>, "its parole proceedings are part of the prisoners' 'sentence[s]' -- indeed, an aspect of 'sentence[s]' that the § 1983 claims, if successful, will invalidate." <u>Id.</u> at 1249. In rejecting this argument, the Court noted that <u>Heck</u> "use[d] the word 'sentence' to refer not to prison procedures but to substantive determinations as to the lengths of confinement. . . . <u>Heck</u> uses the word 'sentence' interchangeably with such other terms as 'continuing confinement' and 'imprisonment.'" <u>Id.</u> at 1249 (quoting <u>Heck</u>, 512 U.S. at 483, 486). The Court thus made the point that internal prison processes of all sorts could be challenged under section 1983 as long as the challenge, if upheld, was not outcome-determinative in the sense of hastening the prisoner's release from incarceration.

In view of this background, it is not surprising that lower courts have consistently held that <u>Heck</u> bars the use of section 1983 to challenge parole revocations or denials where those decisions have not been previously set aside. <u>See</u>, <u>e.g.</u>, <u>Butterfield v. Bail</u>, 120 F.3d 1023, 1024-25 (9th Cir. 1997); <u>McGrew v. Texas Bd. of Pardons & Paroles</u>, 47 F.3d 158, 160-61 (5th Cir. 1995); <u>Farrell</u>, 2004 WL 2813175, at *4; <u>Bodie v. Morgenthau</u>, 342 F.

13

Supp.2d 193, 198-201 (S.D.N.Y. 2004); Sumter v. Marion, 1999 WL 767426, at *4-5 (S.D.N.Y. Sept. 28, 1999). We agree with those decisions, and conclude that in this case that principle compels dismissal of plaintiff's claim that the parole officers imposed unduly harsh parole conditions.

Plaintiff challenges, as unduly harsh and unjustified, the imposition of a special parole condition that he remain in his residence on Saturdays and Sundays unless he obtained the permission of his parole officer to leave the premises. The revocation of his parole was based solely on his violation of that condition. Of necessity, then, for plaintiff to prevail in this case would imply the invalidity of the parole revocation decision. Since there is no dispute that plaintiff has not succeeded in having the revocation set aside -- indeed, both the State Supreme Court and, most recently, the Appellate Division have rejected his challenge -- it follows that plaintiff cannot pursue this claim.

Having reached this conclusion, we take note that plaintiff's pro se complaint could be interpreted to assert a second theory -- that the Parole Division failed to comply with its own procedures in imposing the special conditions in question. The only reference in the record that might explain this cryptic assertion is the argument that he advanced in state court to the effect that the

14

Division had failed to include a statement of reasons for the special conditions in his parole file, purportedly in violation of the Division's internal guidelines. (See McCaffrey Decl., Ex. A at 6-7). This argument also fails under Heck, since the implication of the argument is that the conditions were invalid absent such a filing, in which case the revocation of parole would have been invalid since it relied on a finding that Stevenson had violated one of those special conditions.[4]

## CONCLUSION

For the reasons noted, we recommend that the defendants' motion to dismiss be granted.

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies to be delivered to the chambers of the Honorable Jed S. Rakoff, Room 1340, and to the chambers of the undersigned, Room 1670, 500 Pearl Street, New York, New York 10007. Failure to file timely objections may constitute a waiver of those objections

---

[4] In view of this recommended disposition, we need not reach the other arguments pressed by defendants.

15

both in the District court and on later appeal to the United States Court of Appeals. See Thomas v. Arn, 470 U.S. 140, 150 (1985); Small v. Secretary of Health and Human Services, 892 F.2d 15, 16 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: New York, New York
       March 21, 2006

                                                MICHAEL H. DOLINGER
                                                UNITED STATES MAGISTRATE JUDGE

Copies of the foregoing Report and Recommendation have been mailed today to:

Mr. William Stevenson
#87-T-0532
Groveland Correctional Facility
7000 Sonyea Road
Sonyea, New York 14556

Kevin P. McCaffrey, Esq.
Assistant Attorney General
   for the State of New York
120 Broadway
New York, New York 10271